| Fill in this information to identify your case: | |
|---|---|
| Debtor 1 | Natasha Nicole Powell |
| | First Name   Middle Name   Last Name |
| Debtor 2 | |
| (Spouse, if filing) | First Name   Middle Name   Last Name |
| United States Bankruptcy Court for the NORTHERN DISTRICT OF GEORGIA | |
| Case number: (If known) | 25-62420 - JWJ |

☑ Check if this is an amended plan, and list below the sections of the plan that have been changed. Amendments to sections not listed below will be ineffective even if set out later in this amended plan.
8.1; 6.1; 3.5

# Chapter 13 Plan

**NOTE:** The United States Bankruptcy Court for the Northern District of Georgia adopted this form plan for use in Chapter 13 cases in the District pursuant to Federal Rule of Bankruptcy Procedure 3015.1. See Order Requiring Local Form for Chapter 13 Plans and Establishing Related Procedures, General Order No. 41-2020, available in the Clerk's Office and on the Bankruptcy Court's website, ganb.uscourts.gov. As used in this plan, "Chapter 13 General Order" means General Order No. 41-2020 as it may from time to time be amended or superseded.

## Part 1: Notices

**To Debtor(s):** This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances. Plans that do not comply with the United States Bankruptcy Code, local rules and judicial rulings may not be confirmable.

*In the following notice to creditors, you must check each box that applies.*

**To Creditors:** **Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.**

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless the Bankruptcy Court orders otherwise. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015.

To receive payments under this plan, you must have an allowed claim. If you file a proof of claim, your claim is deemed allowed unless a party in interest objects. See 11 U.S.C. § 502(a).

**The amounts listed for claims in this plan are estimates by the debtor(s). An allowed proof of claim will be controlling, unless the Bankruptcy Court orders otherwise.**

The following matters may be of particular importance. *Debtor(s) must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not included," if both boxes are checked, or if no box is checked, the provision will be ineffective even if set out later in the plan, except 1.4.*

| § 1.1 | **A limit on the amount of a secured claim, that may result in a partial payment or no payment at all to the secured creditor, set out in § 3.2** | ☐ Included | ☑ Not Included |
|---|---|---|---|
| § 1.2 | **Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in § 3.4** | ☐ Included | ☑ Not Included |
| § 1.3 | **Nonstandard provisions, set out in Part 8.** | ☑ Included | ☐ Not Included |
| § 1.4 | **The plan provides for the payment of a domestic support obligation (as defined in 11 U.S.C. § 101(14A)), set out in § 4.4.** | ☐ Included | ☑ Not Included |

## Part 2: Plan Payments and Length of Plan; Disbursement of Funds by Trustee to Holders of Allowed Claims

**§ 2.1   Regular Payments to the trustee; applicable commitment period.**

The applicable commitment period for the debtor(s) as set forth in 11 U.S.C. § 1325(b)(4) is:

Debtor  Natasha Nicole Powell    Case number  25-62420 - JWJ

Check one: ☑ 36 months  ☐ 60 months

Debtor(s) will make regular payments ("Regular Payments") to the trustee as follows:

The debtor(s) will pay $1,460.00 per month for the applicable commitment period. If the applicable commitment period is 36 months, additional Regular Payments will be made to the extent necessary to make the payments to creditors specified in this plan, not to exceed 60 months unless the Bankruptcy Court orders otherwise. If all allowed claims treated in § 5.1 of this plan are paid in full prior to the expiration of the applicable commitment period, no further Regular Payments will be made.

*Check if applicable.*

☐ The amount of the Regular Payment will change as follows *(If this box is not checked, the rest of § 2.1 need not be completed or reproduced. Insert additional lines as needed for more changes.):*

§ 2.2  **Regular Payments; method of payment.**

Regular Payments to the trustee will be made from future income in the following manner:

*Check all that apply:*

☑ Debtor(s) will make payments pursuant to a payroll deduction order. If a deduction does not occur, the debtor(s) will pay to the trustee the amount that should have been deducted.

☐ Debtor(s) will make payments directly to the trustee.

☐ Other (specify method of payment):

§ 2.3  **Income tax refunds.**

*Check one.*

☐ Debtor(s) will retain any income tax refunds received during the pendency of the case.

☑ Debtor(s) will (1) supply the trustee with a copy of each federal income tax return filed during the pendency of the case within 30 days of filing the return and (2) turn over to the trustee, within 30 days of the receipt of any federal income tax refund during the applicable commitment period for tax years   2025 - 2027  , the amount by which the total of all of the federal income tax refunds received for each year exceeds $2,000 ("Tax Refunds"), unless the Bankruptcy Court orders otherwise. If debtor's spouse is not a debtor in this case, "tax refunds received" means those attributable to the debtor.

☐ Debtor(s) will treat tax refunds ("Tax Refunds") as follows:

§ 2.4  **Additional Payments.**

*Check one.*

☑ **None.** *If "None" is checked, the rest of § 2.4 need not be completed or reproduced.*

§ 2.5  **[Intentionally omitted.]**

§ 2.6  **Disbursement of funds by trustee to holders of allowed claims.**

**The trustee shall disburse funds in accordance with General Order No. 41-2020. (www.ganb.uscourts.gov/local-rules-and-orders)**

| Part 3: | Treatment of Secured Claims |

§ 3.1  **Maintenance of payments and cure of default, if any.**

*Check one.*

☑ **None.** *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*

| Debtor | Natasha Nicole Powell | Case number | 25-62420 - JWJ |
|---|---|---|---|

**§ 3.2  Request for valuation of security and modification of certain undersecured claims.**

☑ **None.** *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*

**§ 3.3  Secured claims to be paid in full.**

*Check one.*

☐ **None**. *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*
☑ The claims listed below will be paid in full under the plan. Reasons for payment in full may include:

(1) were incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or

(2) were incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value.

(3) the value of the collateral exceeds the anticipated claim; or

(4) the claim listed shall be paid in full because the claim is cosigned; or

(5) the claim shall be paid in full because the debtor is not entitled to a discharge.
These claims will be paid in full under the plan with interest at the rate stated below. These payments will be disbursed by the trustee.

The trustee will make monthly preconfirmation adequate protection payments that 11 U.S.C. § 1326(a)(1)(C) requires to the creditor in the amount set out in the column headed *Monthly preconfirmation adequate protection payment*.

The holder of any claim listed below will retain the lien on the property interest of the debtor(s) or the estate(s) until the earlier of:

(a) payment of the underlying debt determined under nonbankruptcy law, or

(b) payment of the amount of the secured claim, with interest at the rate set forth below, and discharge of the underlying debt under 11 U.S.C. § 1328, at which time the lien will terminate and be released by the creditor.

| Name of Creditor | Collateral | Purchase date | Estimated amount of claim | Interest rate | Monthly preconfirmation adequate protection payment | Monthly postconfirmation payment to creditor by trustee |
|---|---|---|---|---|---|---|
| EXETER FIN | 2012 Nissan Altima 170000 miles | Opened 3/4/2023 Last Active 9/26/2025 | $8,852.00 | 8.50% | $100.00 | $100.00 increasing to $925.00 in July 2027 |
| PENTAGON FCU | 2015 Lexus GX460 160000 miles Vehicle | Opened 3/22/2022 Last Active 9/26/2025 | $4,045.00 | 8.50% | $100.00 | $100.00 increasing to $424.00 in July 2027 |

**§ 3.4  Lien avoidance.**

*Check one.*

☑ **None.** *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*

**§ 3.5  Surrender of collateral.**

*Check one.*

☐ **None.** *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*

| Debtor | Natasha Nicole Powell | Case number | 25-62420 - JWJ |

| Name of Creditor | Collateral |
|---|---|
| Fifth Third Bank, N.A. | Secured Credit Card |

§ 3.6  **Other Allowed Secured Claims.**

A proof of claim that is filed and allowed as a secured claim, but is not treated as a secured claim in this plan, shall be paid with interest at the rate of __7.25__ %. Payments will commence as set forth in § 2.6. Notwithstanding the foregoing, the debtor(s), and any other party in interest, may: object to allowance of the claim; request that the Bankruptcy Court determine the value of the secured claim if modification of the claim is permissible and if 11 U.S.C. § 506 is applicable; or request that the Bankruptcy Court avoid the creditor's lien pursuant to 11 U.S.C. § 522(f), if applicable.

If the Bankruptcy Court determines the value of the secured claim, the portion of any allowed claim that exceeds the amount of the secured claim will be treated as an unsecured claim under Part 5 of this plan.

The holder of the claim will retain the lien on the property interest of the debtor(s) or the estate(s) until the earlier of:

(a) payment of the underlying debt determined under nonbankruptcy law, or

(b) payment of the amount of the secured claim, with interest at the rate set forth above, and discharge of the underlying debt under 11 U.S.C. § 1328, at which time the lien will terminate and be released by the creditor.

| Part 4: | **Treatment of Fees and Priority Claims** |

§ 4.1  **General.**

Trustee's fees and all allowed priority claims will be paid in full without postpetition interest. An allowed priority claim will be paid in full regardless of whether it is listed in § 4.4.

§ 4.2  **Trustee's fees.**

Trustee's fees are governed by statute and may change during the course of the case.

§ 4.3  **Attorney's fees.**

(a) The unpaid fees, expenses, and costs owed to the attorney for the debtor(s) in connection with legal representation in this case are $6,500.00__. The allowance and payment of the fees, including the award of additional fees, expenses and costs of the attorney for the debtor(s) are governed by General Order 42-2020 ("Chapter 13 Attorney's Fees Order"), as it may be amended.

(b) Upon confirmation of the plan, the unpaid amount shall be allowed as an administrative expense under 11 U.S.C. § 503(b) to the extent set forth in the Chapter 13 Attorney's Fees Order.

(c) From the first disbursement after confirmation, the attorney will receive payment under the Chapter 13 Attorney's Fees Order up to the allowed amount set forth in § 4.3(a)

(d) The unpaid balance and any additional amounts allowed under § 4.3(c) will be payable (1) at $__150.00__ per month from Regular Payments and (2) from Tax Refunds or Additional Payments, as set forth in the Chapter 13 Attorney's Fees Order until all allowed amounts are paid in full.

(e) If the case is converted to Chapter 7 before confirmation of the plan, the debtor(s) direct(s) the trustee to pay to the attorney for the debtor(s) the amount of $__2,500.00__, not to exceed the maximum amount that the Chapter 13 Attorney's Fees Order permits. If the attorney for the debtor(s) has complied with the applicable provisions of the Chapter 13 Attorney's Fees Order, the trustee will deliver, from the funds available, the stated amount or the maximum amount to the attorney, whichever is less.

(f) If the case is dismissed before confirmation of the plan, fees, expenses, and costs of the attorney for the debtor(s) in the amount of $__2,500.00__, not to exceed the maximum amount that the Chapter 13 Attorney's Fees Order permits, will be allowed to the extent set forth in the Chapter 13 Attorney's Fees Order. The attorney may file an application for fees, expenses, and costs in excess of the maximum amount within 14 days from entry of the order of dismissal. If the attorney for the debtor(s) has complied with the applicable provisions of the Chapter 13 Attorney's Fees Order, the trustee will deliver, from the funds available, the allowed amount to the attorney

(g) If the case is converted to Chapter 7 after confirmation of the plan, the debtor(s) direct(s) the trustee to deliver to the attorney for the debtor(s), from the funds available, any allowed fees, expenses, and costs that are unpaid.

| Debtor | Natasha Nicole Powell | Case number | 25-62420 - JWJ |
|---|---|---|---|

(h) If the case is dismissed after confirmation of the plan, the trustee will pay to the attorney for the debtor(s), from the funds available, any allowed fees, expenses, and costs that are unpaid.

### § 4.4 Priority claims other than attorney's fees.

☐ **None.** *If "None" is checked, the rest of § 4.4 need not be completed or reproduced.*

☐ The debtor(s) has/have domestic support obligations as set forth below. The debtor(s) is/are required to pay all post-petition domestic support obligations directly to the holder of the claim.

| Name and address of creditor | Name and address of child support enforcement agency entitled to § 1302(d)(1) notice | Estimated amount of claim | Monthly plan payment |
|---|---|---|---|
| -NONE- | | $ | $ |

☑ The debtor(s) has/have priority claims other than attorney's fees and domestic support obligations as set forth below:

| Name of creditor | Estimated amount of claim |
|---|---|
| Georgia Department of Revenue | $0.00 |
| IRS | $0.00 |

### Part 5: Treatment of Nonpriority Unsecured Claims

### § 5.1 Nonpriority unsecured claims not separately classified.

Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata, as set forth in § 2.6. Holders of these claims will receive:

*Check one.*

☑ A pro rata portion of the funds remaining after disbursements have been made to all other creditors provided for in this plan.

☐ A pro rata portion of the larger of (1) the sum of $_____ and (2) the funds remaining after disbursements have been made to all other creditors provided for in this plan.

☐ The larger of (1) _____% of the allowed amount of the claim and (2) a pro rata portion of the funds remaining after disbursements have been made to all other creditors provided for in this plan.

☐ 100% of the total amount of these claims.

Unless the plan provides to pay 100% of these claims, the actual amount that a holder receives will depend on (1) the amount of claims filed and allowed and (2) the amounts necessary to pay secured claims under Part 3 and trustee's fees, costs, and expenses of the attorney for the debtor(s), and other priority claims under Part 4.

### § 5.2 Maintenance of payments and cure of any default on nonpriority unsecured claims.

*Check one.*

☑ **None.** *If "None" is checked, the rest of § 5.2 need not be completed or reproduced.*

### § 5.3 Other separately classified nonpriority unsecured claims.

*Check one.*

☑ **None.** *If "None" is checked, the rest of § 5.3 need not be completed or reproduced.*

### Part 6: Executory Contracts and Unexpired Leases

| Debtor | Natasha Nicole Powell | Case number | 25-62420 - JWJ |
|---|---|---|---|

**§ 6.1** The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected.

*Check one.*

☐ **None.** *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*

☑ **Assumed items.** Current installment payments will be disbursed directly by the debtor(s). Arrearage payments will be disbursed by the trustee. The final column includes only payments disbursed by the trustee rather than by the debtor(s).

| Name of creditor: | Description of leased property or executory contract | Estimated amount of arrearage | Monthly postconfirmation payment to cure arrearage |
|---|---|---|---|
| ~~Platinum Property Mgmt Services~~ | ~~4755 Agate Dr Alpharetta GA 30022~~ | ~~$7,000.00~~ | ~~$1000.00~~ |

### Part 7: Vesting of Property of the Estate

**§ 7.1** Unless the Bankruptcy Court orders otherwise, property of the estate shall not vest in the debtor(s) on confirmation but will vest in the debtor(s) only upon: (1) discharge of the debtor(s); (2) dismissal of the case; or (3) closing of the case without a discharge upon the completion of payments by the debtor(s).

### Part 8: Nonstandard Plan Provisions

**§ 8.1** Check "None" or List Nonstandard Plan Provisions.

☐ **None.** *If "None" is checked, the rest of Part 8 need not be completed or reproduced.*

Under Bankruptcy Rule 3015(c), nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise included in this N.D. Ga. Chapter 13 Plan Form or deviating from it. Nonstandard provisions set out elsewhere in this plan are ineffective.

**The following plan provisions will be effective only if there is a check in the box "Included" in § 1.3. (Insert additional lines if needed.)**

Debtor's student loans shall be deferred throughout the term of the bankruptcy. When Debtor's student loans do not remain in deferment, they will be repaid directly by Debtor.

**Debtor is rejecting the lease with Platinum Property Management.**

### Part 9: Signatures:

**§ 9.1** Signatures of Debtor(s) and Attorney for Debtor(s).

The debtor(s) must sign the initial plan and, if not represented by an attorney, any modification of the plan, below. The attorney for the debtor(s), if any, must sign below.

X /s/
Natasha Nicole Powell
Signature of debtor 1 executed on    November 4, 2025

X
Signature of debtor 2 executed on

4755 Agate Dr
Alpharetta, GA 30022
Address    City, State, ZIP code

Address    City, State, ZIP code

X /s/ Maiwand Jalalzai(GA Bar No. 893631)
Karen King
Signature of attorney for debtor(s)

Date: November 4, 2025

King & King Law LLC
Firm

215 Pryor Street SW
Atlanta, GA 30303-3748
Address    City, State, ZIP code

| Debtor | Natasha Nicole Powell | Case number | 25-62420 - JWJ |
|---|---|---|---|

**By filing this document, the debtor(s), if not represented by an attorney, or the attorney for debtor(s) also certify(ies) that the wording and order of the provisions in this Chapter 13 Plan are identical to those contained in the Local Form for Chapter 13 Plans that the Bankruptcy Court for the Northern District of Georgia has prescribed, other than any nonstandard provisions included in Part 8.**

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

IN RE:  
Natasha Nicole Powell,  
    Debtor.

CASE NO. 25-62420 - JWJ

CHAPTER 13

## CERTIFICATE OF SERVICE

    I hereby certify that on the **16th** day of **March**, **2026**, I electronically filed the foregoing Debtor's Pre-Confirmation Amended Chapter 13 Plan using the Bankruptcy Court's Electronic Case Filing program, which sends a notice of this document and an accompanying link to this document to the following parties who have appeared in this case under the Bankruptcy Court's Electronic Case Filing program:

Nancy J. Whaley  
303 Peachtree Center Av, Truist Garden Offices, Suite 120  
Atlanta, GA 30303; Via E-notice ecf@njwtrustee.com

I further certify that on this day I caused a copy of this document to be served via United States First Class Mail with adequate postage prepaid on the following parties at the address shown for each.

Natasha Nicole Powell  
4755 Agate Dr  
Alpharetta, GA 30022

**[See Attached Creditor Matrix]**

Dated: 3/16/26

                                                          /S/  
                                      Maiwand Jalalzai  
                                      Attorney for Debtor  
                                      Georgia Bar No. 893631  
                                      King & King Law, LLC  
                                      215 Pryor Street  
                                      Atlanta, GA 30303  
                                      Phone:  (404) 524 - 6400  
                                      Fax:    (404) 524 - 6425  
                                      Email:  notices@kingkingllc.com

```
Label Matrix for local noticing         5/3 BANK NA                              AMERICAN EXPRESS
113E-1                                  5050 KINGSLEY DR                         PO BOX 981537
Case 25-62420-jwj                       CINCINNATI, OH 45227-1115                EL PASO, TX 79998-1537
Northern District of Georgia
Atlanta
Mon Mar 16 16:44:34 EDT 2026

Affirm INC                              American Express National Bank           Amex
ATT BANKRUPTCY                          c/o Becket and Lee LLP                   Att: Bankruptcy
650 California ST FL 12                 PO Box 3001                              P.O. Box 981535
San Francisco, CA 94108-2716            Malvern  PA 19355-0701                   El Paso, TX 79998-1535


Buffalo Lake Lending                    CAPITAL ONE                              CAPITAL ONE BANK USA
P.O. Box 254                            PO BOX 31293                             PO BOX 31293
Ft. Thompson, SD 57339-0254             SALT LAKE CITY, UT 84131-0293            SALT LAKE CITY, UT 84131-0293



CBE Group: Ref: EBAY                    CREDITONEBNK                             Capital One
1309 Technology Pkway                   PO BOX 98872                             Attn: Bankruptcy
Cedar Falls, IA 50613-6976              LAS VEGAS, NV 89193-8872                 P.O. Box 30285
                                                                                 Salt Lake City, UT 84130-0285


Capital One Auto Finance, a division of Capi   (p)CONTINENTAL FINANCE COMPANY    Credit Collections Services
AIS Portfolio Services, LLC             PO BOX 3220                              Attn: Bankruptcy
4515 N Santa Fe Ave. Dept. APS          BUFFALO NY 14240-3220                    725 Canton St
Oklahoma City, OK 73118-7901                                                     Norwood, MA 02062-2679

Credit One Bank                         DEPTEDNELNET                             DISCOVERCARD
Attn: Bankruptcy Dept                   PO BOX 82561                             PO BOX 30939
6801 Cimmarron Rd                       LINCOLN, NE 68501-2561                   SALT LAKE CITY, UT 84130-0939
Las Vegas, NV 89113-2273


Dept of Education/Nelnet                (p)DISCOVER FINANCIAL SERVICES LLC       (p)EXETER FINANCE  LLC
P.O. Box 82561                          PO BOX 3025                              NANNETTE ALAMILLA
Lincoln, NE 68501-2561                  NEW ALBANY OH 43054-3025                 2101 W JOHN CARPENTER FWY
                                                                                 IRVING TX 75063-3228


Exeter Finance LLC                      Exeter Finance LLC c/o AIS Portfolio Service   Fifth Third Bank, N.A.
AIS Portfolio Services, LLC             4515 N Santa Fe Ave Dept APS             PO Box 9013
4515 N Santa Fe Ave. Dept. APS          Oklahoma City, OK 73118-7901             Addison, Texas 75001-9013
Oklahoma City, OK 73118-7901



(p)GLOBAL LENDING SERVICES LLC          Georgia Department of Revenue            IRS
1200 BROOKFIELD BLVD STE 300            1800 Century Blvd NE Suite 910           Centralized Insolvency Operations
GREENVILLE SC 29607-6583                Atlanta, GA 30345-3216                   P.O. Box 7346
                                                                                 Philadelphia, PA 19101-7346


Intercoastal Financial Llc              January Technologies, Inc.               (p)JEFFERSON CAPITAL SYSTEMS LLC
7954 Transit Rd #136X                   176 Grand Street, 4th Floor              PO BOX 7999
Williamsville, NY 14221-4117            New York, NY 10013-3786                  SAINT CLOUD MN 56302-7999
```

```
Karen King                          (p)LENDMARK FINANCIAL SERVICES     LVNV Funding, LLC
King & King Law LLC                 BANKRUPTCY DEPARTMENT              Resurgent Capital Services
215 Pryor Street, S.W.              2118 USHER ST                      PO Box 10587
Atlanta, GA 30303-3748              COVINGTON GA 30014-2434            Greenville, SC 29603-0587


MONEYLION                           PENTAGON FCU                       PenFed CU
PO BOX 1547                         1001 N FAIRFAX                     Att: Bankruptcy
SANDY, UT 84091-1547                ALEXANDRIA, VA 22314-1797          PO Box 1432
                                                                       Alexandria, VA 22313-1432


Pentagon Federal Credit Union       Platinum Property Mgmt Services    Natasha Nicole Powell
Kaplan Cooper P.C.                  212 Kelly Mill Rd                  4755 Agate Dr
5775 Glenridge Drive                Suite 165                          Alpharetta, GA 30022-7368
Suite B-320                         Cumming, GA 30040-2317
Atlanta, GA 30328-5380


Quantum3 Group LLC as agent for     REGIONAL FIN                       REGIONAL MANAGEMENT CORPORATION
AXIOM ACQUISITION VENTURES LLC      979 BATESVILLE RD                  979 BATESVILLE ROAD STE B
PO Box 788                          GREER, SC 29651-6819               GREER SC 29651-6819
Kirkland, WA  98083-0788


Regional finance                    SLOAN/NELNET                       Scolopax, LLC
ATT Bankruptcy                      PO BOX 82561                       C/O Weinstein & Riley, P.S.
979 Batesville Rd Ste B             LINCOLN, NE 68501-2561             749 GATEWAY, SUITE G-601
Greer, SC 29651-6819                                                   ABILENE, TX 79602-1196


Snap Finance                        Matthew Franklin Totten            Samantha Tzoberi
Po Box 26561                        The Totten Firm, LLC               Kaplan Cooper, P.C.
West Valley City, UT 84119          5579 Chamblee Dunwoody Rd          Suite B-320
                                    Ste B-136                          5775 Glenridge Drive
                                    Atlanta, GA 30338-4154             Atlanta, GA 30328-5380


U.S. Department of Education c/o Nelnet   United States Attorney       (p)UPGRADE  INC
121 S 13th St                       Northern District of Georgia       2 N CENTRAL AVE
Lincoln, NE 68508-1911              75 Ted Turner Drive SW, Suite 600  10TH FLOOR
                                    Atlanta GA 30303-3309              PHOENIX AZ 85004-4422


Nancy J. Whaley                     eBay Inc
Standing Chapter 13 Trustee         2025 Hamilton Avenue
Suite 120, Truist Plaza Garden Offices   San Jose, CA 95125-5904
303 Peachtree Center Avenue
Atlanta, GA 30303-1286
```

                The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
                by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

```
Continental Finance Co              Discover Financial                 EXETER FIN
Attn: Bankruptcy                    Att: Bankruptcy                    PO BOX 166097
P.O. Box 3220                       PO Box 30943                       IRVING, TX 75016
Buffalo, NY 12420                   Salt Lake City, UT 84140
```

(d)Exeter Finance LLC
Att: Bankruptcy
PO Box 166008
Irvin, TX 75016

GLBLNDSVCS
1200 BROOKFIELD BLVD # 300
GREENVILLE, SC 29607

Jefferson Capital Systems, LLC
PO BOX 7999
SAINT CLOUD, MN 56302-9617


LENDMARK
2118 USHER ST
COVINGTON, GA 30014

(d)LENDMARK FINANCIAL SVC LLC
2118 USHER STREET
COVINGTON GA 30014

(d)Landmark Financial
2118 Usher St
Covington, GA 30014


(d)TBOM/CONTFIN
4550 NEW LINDEN HILL ROAD
#400
Wilmington, DE 19808

Upgrade, Inc.
P.O. Box 52210
Phoenix, AZ 85072-2210


The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.


(u)Platinum Property Management Services, Inc

End of Label Matrix
Mailable recipients    52
Bypassed recipients     1
Total                  53