| Fill in this information to identify your case: | |
|---|---|
| Debtor 1 | Shanea Nicole Vanhook |
| | First Name      Middle Name      Last Name |
| Debtor 2 | |
| (Spouse, if filing) | First Name      Middle Name      Last Name |

United States Bankruptcy Court for the NORTHERN DISTRICT OF GEORGIA

Case number: 25-63460 - JWJ
(If known)

☑ Check if this is an amended plan, and list below the sections of the plan that have been changed. Amendments to sections not listed below will be ineffective even if set out later in this amended plan.
4.3; 3.3; 3.2; 3.1; 2.1

# Chapter 13 Plan

**NOTE:** **The United States Bankruptcy Court for the Northern District of Georgia adopted this form plan for use in Chapter 13 cases in the District pursuant to Federal Rule of Bankruptcy Procedure 3015.1. See Order Requiring Local Form for Chapter 13 Plans and Establishing Related Procedures, General Order No. 41-2020, available in the Clerk's Office and on the Bankruptcy Court's website, ganb.uscourts.gov. As used in this plan, "Chapter 13 General Order" means General Order No. 41-2020 as it may from time to time be amended or superseded.**

| Part 1: | Notices |
|---|---|

**To Debtor(s):** This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances. Plans that do not comply with the United States Bankruptcy Code, local rules and judicial rulings may not be confirmable.

*In the following notice to creditors, you must check each box that applies.*

**To Creditors:** **Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.**

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless the Bankruptcy Court orders otherwise. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015.

To receive payments under this plan, you must have an allowed claim. If you file a proof of claim, your claim is deemed allowed unless a party in interest objects. See 11 U.S.C. § 502(a).

**The amounts listed for claims in this plan are estimates by the debtor(s). An allowed proof of claim will be controlling, unless the Bankruptcy Court orders otherwise.**

The following matters may be of particular importance. *Debtor(s) must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not included," if both boxes are checked, or if no box is checked, the provision will be ineffective even if set out later in the plan, except 1.4.*

| § 1.1 | **A limit on the amount of a secured claim, that may result in a partial payment or no payment at all to the secured creditor, set out in § 3.2** | ☑ Included | ☐ Not Included |
|---|---|---|---|
| § 1.2 | **Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in § 3.4** | ☐ Included | ☑ Not Included |
| § 1.3 | **Nonstandard provisions, set out in Part 8.** | ☑ Included | ☐ Not Included |
| § 1.4 | **The plan provides for the payment of a domestic support obligation (as defined in 11 U.S.C. § 101(14A)), set out in § 4.4.** | ☐ Included | ☑ Not Included |

| Part 2: | Plan Payments and Length of Plan; Disbursement of Funds by Trustee to Holders of Allowed Claims |
|---|---|

**§ 2.1** **Regular Payments to the trustee; applicable commitment period.**

The applicable commitment period for the debtor(s) as set forth in 11 U.S.C. § 1325(b)(4) is:

Debtor    Shanea Nicole Vanhook                    Case number    25-63460 - JWJ

*Check one:*    ☑ 36 months    ☐ 60 months

Debtor(s) will make regular payments ("Regular Payments") to the trustee as follows:

The debtor(s) will pay ~~$925.00~~ **$1,024.00** per <u>month</u> for the applicable commitment period. If the applicable commitment period is 36 months, additional Regular Payments will be made to the extent necessary to make the payments to creditors specified in this plan, not to exceed 60 months unless the Bankruptcy Court orders otherwise. If all allowed claims treated in § 5.1 of this plan are paid in full prior to the expiration of the applicable commitment period, no further Regular Payments will be made.

*Check if applicable.*

☐ The amount of the Regular Payment will change as follows *(If this box is not checked, the rest of § 2.1 need not be completed or reproduced. Insert additional lines as needed for more changes.):*

**§ 2.2    Regular Payments; method of payment.**

Regular Payments to the trustee will be made from future income in the following manner:

*Check all that apply:*

☑    Debtor(s) will make payments pursuant to a payroll deduction order. If a deduction does not occur, the debtor(s) will pay to the trustee the amount that should have been deducted.

☐    Debtor(s) will make payments directly to the trustee.

☐    Other (specify method of payment):
_____

**§ 2.3    Income tax refunds.**

*Check one.*

☑    Debtor(s) will retain any income tax refunds received during the pendency of the case.

☐    Debtor(s) will (1) supply the trustee with a copy of each federal income tax return filed during the pendency of the case within 30 days of filing the return and (2) turn over to the trustee, within 30 days of the receipt of any federal income tax refund during the applicable commitment period for tax years _____, the amount by which the total of all of the federal income tax refunds received for each year exceeds $2,000 ("Tax Refunds"), unless the Bankruptcy Court orders otherwise. If debtor's spouse is not a debtor in this case, "tax refunds received" means those attributable to the debtor.

☐    Debtor(s) will treat tax refunds ("Tax Refunds") as follows:
_____

**§ 2.4    Additional Payments.**

*Check one.*

☑    **None.** *If "None" is checked, the rest of § 2.4 need not be completed or reproduced.*

**§ 2.5    [Intentionally omitted.]**

**§ 2.6    Disbursement of funds by trustee to holders of allowed claims.**

**The trustee shall disburse funds in accordance with General Order No. 41-2020. (www.ganb.uscourts.gov/local-rules-and-orders)**

| Part 3: | Treatment of Secured Claims |
|---|---|

**§ 3.1    Maintenance of payments and cure of default, if any.**

*Check one.*

Debtor ___Shanea Nicole Vanhook___    Case number ___25-63460 - JWJ___

☐ **None.** *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*

☑ Beginning with the first payment that is due after the date of the order for relief under Chapter 13, the debtor(s) will maintain the current contractual installment payments on the secured claims listed below, with any changes required by the applicable contract and noticed in conformity with any applicable rules. These payments will be disbursed directly by the debtor(s). Any existing arrearage on a listed claim will be paid in full through disbursements by the trustee, with interest, if any, at the rate stated below.

If relief from the automatic stay is ordered as to any item of collateral listed in this paragraph, then, unless the Bankruptcy Court orders otherwise, all payments under this paragraph as to that collateral will cease, and all secured claims based on that collateral will no longer be treated by the plan.

| Name of creditor | Collateral | Estimated amount of arrearage (if any) | Interest rate on arrearage (if applicable) | Monthly plan payment on arrearage |
|---|---|---|---|---|
| **U.S. DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT** | **1672 Creekwood Ln SE Conyers, GA 30013  Rockdale County** | $0.00 | 0.00% | $0.00 |
| BSI MTG | 1672 Creekwood Ln SE Conyers, GA 30013  Rockdale County | ~~$4,000.00~~ **$3,178.60** | 0.00% | ~~$15.00 increasing to $143.00 in February 2027~~ **$58.00** |

§ 3.2    **Request for valuation of security and modification of certain undersecured claims.**

☐ **None.** *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*
   ***The remainder of this paragraph will be effective only if the applicable box in Part 1 of this plan is checked.***

| Debtor | Shanea Nicole Vanhook | Case number | 25-63460 - JWJ |

☑ The debtor(s) request(s) that the Bankruptcy Court determine the value of the secured claims listed below.

For each non-governmental secured claim listed below, the debtor(s) state(s) that the value of the secured claim should be as set out in the column headed *Amount of secured claim*. For secured claims of governmental units, unless the Bankruptcy Court orders otherwise, the value of a secured claim listed in a proof of claim filed in accordance with the Bankruptcy Rules controls over any contrary amount listed below. For each creditor checked below, debtor(s) will file a motion pursuant to Bankruptcy Rule 3012 and the Chapter 13 General Order to request determination of the amount of the secured claim.

For each listed claim below, the value of the secured claim will be paid in full, with interest at the rate stated below. For a secured tax claim, the interest rate shall be the interest rate stated in the proof of claim. The portion of any allowed claim that exceeds the amount of the secured claim will be treated as an unsecured claim under Part 5 of this plan. If the amount of a creditor's secured claim is listed below as having no value, the creditor's allowed claim will be treated in its entirety as an unsecured claim under Part 5 of this plan.

The trustee will make monthly preconfirmation adequate protection payments that 11 U.S.C. § 1326(a)(1)(C) requires to the creditor in the amount set out in the column headed *Monthly preconfirmation adequate protection payment*.

The holder of any claim listed below as having value in the column headed *Amount of secured claim* will retain the lien on the property interest of the debtor(s) or the estate(s) until the earlier of:

(a) payment of the underlying debt determined under nonbankruptcy law, or

(b) payment of the amount of the secured claim, with interest at the rate set forth below, and discharge of the underlying debt under 11 U.S.C. § 1328, at which time the lien will terminate and be released by the creditor.

| Check only if motion to be filed | Name of creditor | Estimated amount of total claim | Collateral and date of purchase | Value of collateral | Amount of claims senior to creditor's claim | Amount of secured claim | Interest rate | Monthly pre-confirmation adequate protection payment | Monthly post-confirmation payment |
|---|---|---|---|---|---|---|---|---|---|
| ☐ | EXETER FIN | $16,040.00 | 2018 Nissan Rogue 168000 miles Vehicle<br><br>Opened 8/11/2018 Last Active 10/23/2025 | $4,500.00 | $0.00 | $4,500.00 | 8.50% | $50.00 **$100.00** | ~~$50.00 increasing to $711.00 in February 2027~~ **$100.00** |

**§ 3.3    Secured claims to be paid in full.**

*Check one.*

☑ **None**. *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*

| Name of Creditor | Collateral | Purchase date | Estimated amount of claim | Interest rate | Monthly pre-confirmation adequate protection payment | Monthly post-confirmation payment to creditor by trustee |
|---|---|---|---|---|---|---|
| **PRESTIGE FINANCIAL SERVICES** | **Judgment Lien** | | **$12,681.49** | **7.00%** | **$128.00** | **$128.00 increasing to $794.00 in March 2027** |

**§ 3.4    Lien avoidance**.

*Check one.*

| Debtor | Shanea Nicole Vanhook | Case number | 25-63460 - JWJ |
|---|---|---|---|

☑ **None.** *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*

**§ 3.5   Surrender of collateral.**

*Check one.*

☑ **None.** *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*

**§ 3.6   Other Allowed Secured Claims.**

A proof of claim that is filed and allowed as a secured claim, but is not treated as a secured claim in this plan, shall be paid with interest at the rate of ___7.00___%. Payments will commence as set forth in § 2.6. Notwithstanding the foregoing, the debtor(s), and any other party in interest, may: object to allowance of the claim; request that the Bankruptcy Court determine the value of the secured claim if modification of the claim is permissible and if 11 U.S.C. § 506 is applicable; or request that the Bankruptcy Court avoid the creditor's lien pursuant to 11 U.S.C. § 522(f), if applicable.

If the Bankruptcy Court determines the value of the secured claim, the portion of any allowed claim that exceeds the amount of the secured claim will be treated as an unsecured claim under Part 5 of this plan.

The holder of the claim will retain the lien on the property interest of the debtor(s) or the estate(s) until the earlier of:

(a) payment of the underlying debt determined under nonbankruptcy law, or

(b) payment of the amount of the secured claim, with interest at the rate set forth above, and discharge of the underlying debt under 11 U.S.C. § 1328, at which time the lien will terminate and be released by the creditor.

| Part 4: | **Treatment of Fees and Priority Claims** |
|---|---|

**§ 4.1   General.**

Trustee's fees and all allowed priority claims will be paid in full without postpetition interest. An allowed priority claim will be paid in full regardless of whether it is listed in § 4.4.

**§ 4.2   Trustee's fees.**

Trustee's fees are governed by statute and may change during the course of the case.

**§ 4.3   Attorney's fees.**

(a) The unpaid fees, expenses, and costs owed to the attorney for the debtor(s) in connection with legal representation in this case are $6,500.00___. The allowance and payment of the fees, including the award of additional fees, expenses and costs of the attorney for the debtor(s) are governed by General Order 42-2020 ("Chapter 13 Attorney's Fees Order"), as it may be amended.

(b) Upon confirmation of the plan, the unpaid amount shall be allowed as an administrative expense under 11 U.S.C. § 503(b) to the extent set forth in the Chapter 13 Attorney's Fees Order.

(c) From the first disbursement after confirmation, the attorney will receive payment under the Chapter 13 Attorney's Fees Order up to the allowed amount set forth in § 4.3(a)

(d) The unpaid balance and any additional amounts allowed under § 4.3(c) will be payable (1) at $___~~790.00~~ **$666.00**__ per month from Regular Payments and (2) from Tax Refunds or Additional Payments, as set forth in the Chapter 13 Attorney's Fees Order until all allowed amounts are paid in full.

(e) If the case is converted to Chapter 7 before confirmation of the plan, the debtor(s) direct(s) the trustee to pay to the attorney for the debtor(s) the amount of $___2500.00___, not to exceed the maximum amount that the Chapter 13 Attorney's Fees Order permits. If the attorney for the debtor(s) has complied with the applicable provisions of the Chapter 13 Attorney's Fees Order, the trustee will deliver, from the funds available, the stated amount or the maximum amount to the attorney, whichever is less.

(f) If the case is dismissed before confirmation of the plan, fees, expenses, and costs of the attorney for the debtor(s) in the amount of $___2500.00___, not to exceed the maximum amount that the Chapter 13 Attorney's Fees Order permits, will be allowed to the extent set

| Debtor | Shanea Nicole Vanhook | Case number | 25-63460 - JWJ |
|---|---|---|---|

forth in the Chapter 13 Attorney's Fees Order. The attorney may file an application for fees, expenses, and costs in excess of the maximum amount within 14 days from entry of the order of dismissal. If the attorney for the debtor(s) has complied with the applicable provisions of the Chapter 13 Attorney's Fees Order, the trustee will deliver, from the funds available, the allowed amount to the attorney

(g) If the case is converted to Chapter 7 after confirmation of the plan, the debtor(s) direct(s) the trustee to deliver to the attorney for the debtor(s), from the funds available, any allowed fees, expenses, and costs that are unpaid.

(h) If the case is dismissed after confirmation of the plan, the trustee will pay to the attorney for the debtor(s), from the funds available, any allowed fees, expenses, and costs that are unpaid.

**§ 4.4      Priority claims other than attorney's fees.**

☐      **None.**  *If "None" is checked, the rest of § 4.4 need not be completed or reproduced.*

☐      The debtor(s) has/have domestic support obligations as set forth below. The debtor(s) is/are required to pay all post-petition domestic support obligations directly to the holder of the claim.

| Name and address of creditor | Name and address of child support enforcement agency entitled to § 1302(d)(1) notice | Estimated amount of claim | Monthly plan payment |
|---|---|---|---|
| -NONE- | | $ | $ |

☑ The debtor(s) has/have priority claims other than attorney's fees and domestic support obligations as set forth below:

| Name of creditor | Estimated amount of claim |
|---|---|
| Georgia Department of Revenue | $0.00 |
| IRS | $0.00 |

---

| Part 5: | Treatment of Nonpriority Unsecured Claims |
|---|---|

**§ 5.1      Nonpriority unsecured claims not separately classified.**

Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata, as set forth in § 2.6. Holders of these claims will receive:

*Check one.*

☐ A pro rata portion of the funds remaining after disbursements have been made to all other creditors provided for in this plan.

☐ A pro rata portion of the larger of (1) the sum of $_____ and (2) the funds remaining after disbursements have been made to all other creditors provided for in this plan.

☐ The larger of (1) _____% of the allowed amount of the claim and (2) a pro rata portion of the funds remaining after disbursements have been made to all other creditors provided for in this plan.

☑ 100% of the total amount of these claims.

Unless the plan provides to pay 100% of these claims, the actual amount that a holder receives will depend on (1) the amount of claims filed and allowed and (2) the amounts necessary to pay secured claims under Part 3 and trustee's fees, costs, and expenses of the attorney for the debtor(s), and other priority claims under Part 4.

**§ 5.2      Maintenance of payments and cure of any default on nonpriority unsecured claims.**

*Check one.*

☑      **None.** *If "None" is checked, the rest of § 5.2 need not be completed or reproduced.*

**§ 5.3      Other separately classified nonpriority unsecured claims.**

| Debtor | Shanea Nicole Vanhook | Case number | 25-63460 - JWJ |
|---|---|---|---|

*Check one.*

☑ **None.** *If "None" is checked, the rest of § 5.3 need not be completed or reproduced.*

---

**Part 6:    Executory Contracts and Unexpired Leases**

**§ 6.1    The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected.**

*Check one.*

☑ **None.** *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*

---

**Part 7:    Vesting of Property of the Estate**

**§ 7.1    Unless the Bankruptcy Court orders otherwise, property of the estate shall not vest in the debtor(s) on confirmation but will vest in the debtor(s) only upon: (1) discharge of the debtor(s); (2) dismissal of the case; or (3) closing of the case without a discharge upon the completion of payments by the debtor(s).**

---

**Part 8:    Nonstandard Plan Provisions**

**§ 8.1    Check "None" or List Nonstandard Plan Provisions.**

☐ **None.** *If "None" is checked, the rest of Part 8 need not be completed or reproduced.*

*Under Bankruptcy Rule 3015(c), nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise included in this N.D. Ga. Chapter 13 Plan Form or deviating from it. Nonstandard provisions set out elsewhere in this plan are ineffective.*

**The following plan provisions will be effective only if there is a check in the box "Included" in § 1.3. (Insert additional lines if needed.)**

---

Debtor's student loans shall be deferred throughout the term of the bankruptcy. When Debtor's student loans do not remain in deferment, they will be repaid directly by Debtor.

---

**Part 9:    Signatures:**

**§ 9.1    Signatures of Debtor(s) and Attorney for Debtor(s).**

The debtor(s) must sign the initial plan and, if not represented by an attorney, any modification of the plan, below. The attorney for the debtor(s), if any, must sign below.

X  /s/

Shanea Nicole Vanhook

Signature of debtor 1 executed on    March 23, 2026

1672 Creekwood Ln SE
Conyers, GA 30013

Address                          City, State, ZIP code

X  _____

Signature of debtor 2 executed on    _____

Address                          City, State, ZIP code

X  /s/ Maiwand Jalalzai(GA Bar No.893631)          Date:  March 23, 2026

Karen King

Signature of attorney for debtor(s)

King & King Law LLC                          215 Pryor Street SW
                                             Atlanta, GA 30303-3748

Firm                          Address                          City, State, ZIP code

**By filing this document, the debtor(s), if not represented by an attorney, or the attorney for debtor(s) also certify(ies) that the wording and order of the provisions in this Chapter 13 Plan are identical to those contained in the Local Form for Chapter 13 Plans that the Bankruptcy Court for the Northern District of Georgia has prescribed, other than any nonstandard provisions included in Part 8.**

U.S. Bankruptcy Court, N.D. Ga. Chapter 13 Plan Form (December 2020), Version 1.4                          Page 7 of 8

Debtor      Shanea Nicole Vanhook                          Case number      25-63460 - JWJ

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

IN RE:                                                          CASE NO. 25-63460 - JWJ
Shanea Nicole Vanhook,
                    Debtor.                                     CHAPTER 13

### CERTIFICATE OF SERVICE

I hereby certify that on the __23rd__ day of __March__, __2026__, I electronically filed the foregoing Debtor's Pre-Confirmation Amended Chapter 13 Plan using the Bankruptcy Court's Electronic Case Filing program, which sends a notice of this document and an accompanying link to this document to the following parties who have appeared in this case under the Bankruptcy Court's Electronic Case Filing program:

Nancy J. Whaley
303 Peachtree Center Av, Truist Garden Offices, Suite 120
Atlanta, GA 30303; Via E-notice ecf@njwtrustee.com

I further certify that on this day I caused a copy of this document to be served via United States First Class Mail with adequate postage prepaid on the following parties at the address shown for each.

Shanea Nicole Vanhook
1672 Creekwood Ln SE
Conyers, GA 30013

**[See Attached Creditor Matrix]**

Dated: 3/23/26

                                                            _____ /S/
                                                            Maiwand Jalalzai
                                                            Attorney for Debtor
                                                            Georgia Bar No. 893631
                                                            King & King Law, LLC
                                                            215 Pryor Street
                                                            Atlanta, GA 30303
                                                            Phone:  (404) 524 - 6400
                                                            Fax:     (404) 524 - 6425
                                                            Email:  notices@kingkingllc.com

Label Matrix for local noticing
113E-1
Case 25-63460-jwj
Northern District of Georgia
Atlanta
Mon Mar 23 11:58:59 EDT 2026

Aidvantage on behalf of
Dept of Education
PO Box 300001
Greenville Tx 75403-3001

American First Finance, LLC
c/o Becket and Lee LLP
PO Box 3002
Malvern PA 19355-0702

BSI MTG
101 N 2ND ST
TITUSVILLE, PA 16354

CHIME-STRIDE
PO BOX 417
SAN FRANCISCO, CA 94104-0417

CHIMEFINAL
101 CALIFORNIA ST
SAN FRANCISCO, CA 94111-3580

CONSUMER ADJ CO
12855 TESSON FERRY ROAD ST
LOUIS, MO 63128-2912

CREDENCE RESOURCE MANAGEMENT
4222 TRINITY MLS STE 260
DALLAS, TX 75287-7666

CREDIT COLLECTION SERVICES
PO BOX 607
NORWOOD, MA 02062-0607

DPT ED/AIDV
PO BOX 300001
GREENVILLE, TX 75403-3001

(p)EXETER FINANCE  LLC
NANNETTE ALAMILLA
2101 W JOHN CARPENTER FWY
IRVING TX 75063-3228

Exeter Finance LLC
AIS Portfolio Services, LLC
4515 N Santa Fe Ave. Dept. APS
Oklahoma City, OK 73118-7901

FEB DESTINY
PO BOX 4499
BEAVERTON, OR 97076-4499

(p)GEORGIA DEPARTMENT OF REVENUE
BANKRUPTCY
2595 CENTURY PKWY NE SUITE 339
ATLANTA GA 30345-3173

I C SYSTEM
PO BOX 64378
SAINT PAUL, MN 55164-0378

IRS
Centralized Insolvency Operations
P.O. Box 7346
Philadelphia, PA 19101-7346

(p)JEFFERSON CAPITAL SYSTEMS LLC
PO BOX 7999
SAINT CLOUD MN 56302-7999

Karen King
King & King Law LLC
215 Pryor Street, S.W.
Atlanta, GA 30303-3748

MIDLAND CREDIT MANAGEMENT INC
350 CAMINO DE LN
REINA SAN DIEGO, CA 92108-3007

(p)MCCALLA RAYMER LEIBERT PIERCE  LLC
ATTN ATTN WENDY REISS
1544 OLD ALABAMA ROAD
ROSWELL GA 30076-2102

Midland Credit Management, Inc.
PO Box 2037
Warren, MI 48090-2037

NAVIENT
PO BOX 9500
WILKES BARRE, PA 18773-9500

NEW AMRCN FU
11001 LAKELINE BLVD
AUSTIN, TX 78717-5997

(p)PORTFOLIO RECOVERY ASSOCIATES LLC
PO BOX 41067
NORFOLK VA 23541-1067

(p)PRESTIGE FINANCIAL SERVICES
PO BOX 26707
SALT LAKE UT 84126-0707

Prestige Financial Services
BANKRUPTCY DEPT
PO BOX 26707
SLC, UT 84126-0707

(p)ROUNDPOINT MORTGAGE SERVICING CORPORATION
446 WRENPLACE ROAD
FORT MILL SC 29715-0200

SERVIS ONE, INC. DBA BSI FINANCIAL SERVICES
Bankruptcy Department
4200 Regent Blvd, Suite B200
Irving Texas 75063-2237

(p)SPRING OAKS CAPITAL  LLC
1400 CROSSWAYS BLVD STE 100B
CHESAPEAKE VA 23320-0207

Truist Bank, Support Services
P.O. Box 1847/100-50-01-51
Wilson NC 27894-1847

(p)US DEPARTMENT OF HOUSING AND URBAN DEVELOP
ATTN ROBERT ZAYAC
40 MARIETTA ST SUITE 300
ATLANTA GA 30303-2812

United States Attorney
Northern District of Georgia
75 Ted Turner Drive SW, Suite 600
Atlanta GA 30303-3309

Shanea Nicole Vanhook
1672 Creekwood Ln SE
Conyers, GA 30013-1602

Verizon
by AIS InfoSource LP as agent
4515 N Santa Fe Ave
Oklahoma City, OK 73118-7901

WORLD ACCEPT
PO BOX 6429
GREENVILLE, SC 29606-6429

Nancy J. Whaley
Standing Chapter 13 Trustee
Suite 120, Truist Plaza Garden Offices
303 Peachtree Center Avenue
Atlanta, GA 30303-1286

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

EXETER FIN
PO BOX 166097
IRVING, TX 75016

(d)Exeter Finance LLC
2101 W. John Carpenter Fwy
Irving, TX 75063

Georgia Department of Revenue
1800 Century Blvd NE Suite 910
Atlanta, GA 30345

Jefferson Capital Systems, LLC
PO BOX 7999
SAINT CLOUD, MN 56302-9617

Ciro A. Mestres
McCalla Raymer Leibert Pierce, LLC
1544 Old Alabama Road
Roswell, GA 30076

PORTFOLIO RECOVERY
120 CORPORATE BLVD
NORFOLK, VA 23502

(d)PORTFOLIO RECOVERY ASSOCIATES, LLC
POB 41067
Norfolk, VA 23541

(d)Elizabeth H. Parrott
McCalla Raymer Leibert Pierce
1544 Old Alabama Rd
Roswell, GA 30076

Prestige Financial
1420 South 500 West
Salt Lake City, UT 84115

ROUNDPOINT
446 WRENPLACE ROAD FT
MILL, SC 29715

SPRING OAKS CAPITAL LLC
PO BOX 1216
CHESAPEAKE, VA 23327

(d)Spring Oaks Capital SPV, LLC
PO BOX 1216
CHESAPEAKE, VA 23327-1216

U.S. Department of Housing and Urban Develop
77 Forsyth Street SW
Atlanta, GA 30303

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)Servis One, Inc. dba BSI Financial Service

End of Label Matrix
Mailable recipients      35
Bypassed recipients       1
Total                    36